Richard W. WEULE, Jr., Appellant,

v.

CIGNA PROPERTY AND CASUALTY COMPANIES, Respondent.

No. 63615.

Missouri Court of Appeals, Eastern District, Division Three.

May 31, 1994.

Charles R. Schroeder, St. Peters, for appellant.

Mark Joseph Cero, St. Louis, for respondent.

SIMON, Presiding Judge.

Richard W. Weule, Jr., appellant, appeals a judgment in favor of respondent, CIGNA Property and Casualty Companies, in an action involving automobile insurance coverage under a policy issued by respondent. On appeal, appellant contends that the trial court committed prejudicial error in allowing the jury, during its deliberations, to view respondent's Exhibits A, B, C, and D, in that the exhibits had not been admitted into evidence, contained unsupported opinions of respondent's attorney and clients concerning the applicability of the terms of their policy, the adequateness of notice given by appellant, and the date for which the vehicle in question was actually stolen. Respondent contends that the trial court did not commit error in denying appellant's motion for a new trial or in allowing the jury, during its deliberations, to view respondent's Exhibits A, B, C, and D, in that the exhibits were constructively admitted into evidence, contained no opinions or statements that were not otherwise in evidence, and were not prejudicial to appellant's case. We affirm.

The record shows that in 1988, appellant conducted business as Weule Engineering and Equipment Company (Weule) and owned a 1980 Chevrolet truck which was insured by respondent. The policy coverage was from April 1, 1988, to April 1, 1989. In June of 1988, the truck was loaned to Ricky Allen, an employee of Weule, who took the vehicle home during a temporary halt in a construction project. The vehicle was never returned. It was discovered missing on or about March 16, 1989, during an inventory sweep of equipment. Several attempts were made to contact Mr. Allen by phone and by correspondence. No response was obtained. On August 28, 1990, appellant filed a formal stolen truck report with the police. Respon-dent denied the claim for loss of the vehicle under the insurance policy on the basis that its rights were prejudiced by the late notice of loss. Based upon respondent's refusal to pay said claim this lawsuit ensued.

During the trial, respondent marked Exhibits A, B, C, and D for identification. Exhibit A is a letter from Joe Miller, Vice-President of Operations for Weule, to appellant discussing the circumstances surrounding the missing vehicle. Exhibit B is a letter from respondent to appellant regarding the investigation of the claim for loss. Exhibit C is another letter from respondent to appellant denying the claim based upon the failure to report the loss within a reasonable period of time. Exhibit D is a letter from Bob Chandler, investigator for respondent, to respondent regarding the whereabouts of Mr. Allen and a statement from Mr. Allen's wife concerning the truck.

Each exhibit was marked, identified, and discussed at trial. However, the record does not reveal any motion by respondent to formally introduce these exhibits into evidence. Furthermore, there is also no record of any objection by appellant at any stage of the trial with respect to these exhibits. The jury, during its deliberations, sent a note to the judge requesting to review the exhibits. Pursuant to the trial judge's instruction, the bailiff picked up the exhibits at the bench and delivered all of the exhibits to the jury. The bailiff did not make any distinction as to any of the exhibits. The record is unclear as to whether the attorneys for appellant and respondent were present when the judge instructed the bailiff. Appellant has filed an affidavit of the bailiff confirming these events. Counsel for appellant has also filed an affidavit stating that he was not present when the judge instructed the bailiff to allow the jury to review the exhibits per their request.

After deliberation the jury returned a verdict in favor of respondent. Appellant filed a motion for a new trial contending that the trial court erred in allowing respondent's Exhibits A, B, C, and D to go to the jury while deliberating, and that appellant was thereby prejudiced. Respondent argued that these exhibits were constructively introduced into

evidence, and therefore, it was proper to allow the jury to view them during their deliberations. Appellant's motion for a new trial was denied and this appeal followed.

■ An exhibit that is marked, testified to, and displayed to the jury during the presentation of the evidence becomes as much a part of the evidence as if the proffering party had formally introduced it. *Wilkins v. Cash Register Service Company,* 518 S.W.2d 736, 751[21] (Mo.App.1975). Furthermore, once an exhibit has been constructively admitted as part of the evidence, the trial court has the discretion to allow the exhibit to go to the jury. *Lester v. Sayles,* 850 S.W.2d 858, 863[1, 2] (Mo banc 1993).

Appellant cites *Lester v. Sayles,* 850 S.W.2d at 864 for the proposition that exhibits which are neither formally nor constructively introduced are not evidence and they should never be subject to inspection in the jury room. However, in *Lester,* the exhibit in question was never marked, identified, testified about, or the subject of cross-examination. *Id.* Therefore, the exhibit was never constructively admitted into evidence. *Id.*

■ Here, Exhibits A, B, C, and D, were marked and identified at trial. Further, the contents of the exhibits were testified to by witnesses for both appellant and respondent. The exhibits were available for the purposes of cross-examination. No objections were made with respect to the exhibits. Accordingly, once the exhibits were marked, identified, dated, and their contents testified to, they were constructively admitted into evidence as if they were formally introduced. The trial court has the discretion to allow these exhibits to go to the jury. Therefore, the trial court did not abuse its discretion in allowing the jury, during its deliberations, to view respondent's Exhibits A, B, C, and D.

Judgment affirmed.

PUDLOWSKI and KAROHL, JJ., concur.